Our final case of the day is Smith v. Anderson Our first witness today is Mr. Jake Smith Jake Smith v. Anderson May it please the court, as you probably know from the cover of our briefs, I was appointed counsel for Mr. Smith in the civil appeal in connection with my position with the Notre Dame Law School Moot Court The principal author of the briefs in this case was Mr. Kyle Mowry Normally, Mr. Mowry would be presenting this oral argument But he is in Europe on vacation at this time, and I am in South Bend and making the argument for him Let me begin with what this case is not Although the turnaround process in the Illinois Department of Corrections has been subject to much litigation This case is not about the turnaround procedures That procedure only forms a background We're not challenging the validity of the turnaround procedure What we're challenging in this case is the summary judgment entered against Mr. Smith when his arrest, the warrant issued for his violation of a parole condition was based on knowingly false information The The question I have for you, Mr. Palmer was whether any knowingly false information played a causal role Suppose the officer had represented that Smith is known to be a space alien from Venus and We will assume that that's false. He's Probably from one of the asteroids instead, right, but made that blatantly false statement But Smith did not have an approved site and therefore didn't have a lawful place to live Could there be liability for making that false statement? There could be liability, your honor, on several different bases. First basis is that The reason given that he did not have an approved Site because of electronic monitoring That would be something that would require Investigation, but did he in fact have an approved site? He did not. He did not. He did not. So How can any statement whether it's about his being a Venusian? or his having been convicted of bank robbery when he hadn't been or Right, you can make a very long list of false statements But if none of the false statements played any causal role Why would they be a source of liability? They are a source of liability because it did not stop at his initial arrest on March 24th It continued with additional false information provided which resulted in his continued incarceration And if I could, your honor, just go through the timeline. Was it the false statements that led to Still being in prison or the lack of an approved site? It was a false statement. Is there an argument that sometime during this Extra six months he spent in prison. Is there an argument that he got an approved site during that time? But because of a false statement, he still wasn't let out No, your honor. Okay. What there is evidence of is In June of 2014 when the prison finally got around to investigating one of the host sites, his mother's house The only reason for not approving that host site Was one that were minor children in the home. You mean she could correct the problem? Well, not that she could correct the problem, your honor It was not a problem according to his mandatory supervised release The only conditions originally on that release were Substance abuse counseling, check in with the parole counselor, and approved Approved housing I'm sorry, also registration as a sex offender When he was held on the day he was supposed to be released There were two statements made. One that he was in violation because he could not find a host site That would accommodate electronic monitoring There was no requirement of electronic monitoring in his parole The second statement, which is demonstrably true, is we've checked all of his potential host sites We've checked with the family Nothing has been Nothing is Consistent with what he's required. They didn't check with the family. There was no investigation of his host sites They finally, in May, three months later, two months later Mr. Smith's mother called the prison for the second time and said, hey, come investigate my house We want him to be turned free. We want to be a host site We can handle it So two and a half hours after she made that call Mr. Anderson went in and requested the electronic monitor and be added to his condition And it was And he still didn't Investigate that house until June. And in June, he went to the house and And ruled that it was not a suitable host site Because there were three minor children there and there was internet access and computer access Those were not conditions of his parole, either the discretionary conditions or mandatory conditions They were not mandatory because He was convicted of sexual criminal battery with a person over 18 Unable to consent back in 2001 He served his term He served his mandatory supervised release He was subsequently arrested for driving under a revoked driver's license, went back to prison again Went back to Cook County Jail. Served his term, thought he was getting out What happened then is simply The whole system failed He wasn't even asked to provide host sites Thank you, your honor. He was not even asked to present Host sites Until after he was already back on the day. He was released. It would have been impossible For Mr. Anderson to conduct the investigation that he said he conducted And if he had he would have found that The mother's home was suitable for a supervised release. Thank you Thank You, Mr. Palmer Mr. Turner Thank you, your honor's counsel, may it please the court I am Christopher Turner, the Illinois assistant attorney general Representing the defendant at the lead, Paul Anderson, parole agent This court should affirm summary judgment in Anderson's favor for at least for three reasons or any of three reasons First because the undisputed record shows that Anderson had reasonable suspicion That is reasonable suspicion existed when he issued the challenged violation report and reasonable suspicion is an absolute defense to Smith's false arrest claim Second because he's entitled to qualified immunity because there was no clearly established law Demonstrating that Smith was entitled to release to MSR When the department had not approved a host site for him and third because there's no genuine issue of fact that any false statement Excuse me MSR. I'm sorry, your honor. I should slow down. Using real English words would help us non-specialists Sure, no, but it's mandatory supervised release, but I think we'll just call it parole. I'll try to call parole It's fine with me if you call it FRED as long as you avoid weird acronyms I'll try to avoid the acronyms your honor but there's no genuine issue of fact that any false statement in the violation report was the but-for cause of Smith's subsequent detention. Now, I want to focus on the first issue about reasonable reasonable suspicion. That's what the case is really about Now the court below had found probable cause the reason suspicion is a lower standard The existence of reasonable suspicion that a parolee is not satisfied a condition for release to parole It's an absolute defense to that parolees false arrest claim Regardless of whether or not there were any false statements that had supported the challenge detention or arrest and that's what we have here in the undisputed record There was no there was no dispute that at the time that Anderson issued the gate violation report the department had no approved housing for him And there was no dispute and there's no dispute that the department cannot release a parolee To his parole unless it is satisfied itself that and approved a site for him as being suitable and proper Mr.. Now counsel argues here based basically looking at subsequent events that down the line He challenges whether or not the rejection of the host site was proper But that's not the issue in the case the issue in the case is whether or not reasonable suspicion existed when Anderson issued the report That's what was challenged below. And that's what he argues was the violation of the Fourth Amendment here And under these facts it means it reaches the standard now reasonable suspicion is an objective standard It's a low bar It doesn't require that Anderson thought more likely than not that he had violated his condition for release it deals in probabilities And all it requires is an objective manifestation that Smith had not satisfied his condition for release to parole and that was here It's under administrative code section one six one oh point one one oh And that code section prohibits the department from releasing a parolee to his parole until it has satisfied itself that he has Approved residence and where he'll serve it Here because there was no approval the existence is clear. I mean, it's actually proven more likely than not though It doesn't need to meet that standard So under the case we cite Knox v. Smith where this court had found that a parole violation report in that case Was reported was supported by reasonable suspicion Even though there was an issue of fact whether or not there were false knowing false statements in the violation of court still that was enough to affirm summary judgment Now On appeal here. I'm sorry in his argument Smith and in some reply brief is not disputed that reasonable suspicion is an absolute defense Therefore it doesn't matter whether or not there were false that statements in a port and we don't take issue for purposes of this motion Well, it's a good thing. You're not That you've got this reasonable decision. This is not the first time this Illinois practice the turnaround practice has been before this court. Are you aware of that? I am your honor but as You know how bad that was Yes, your honor. I do it and a habeat the well, all right, but it's It's a good thing you're on different grounds here Thank you, and this is this case is not about the validity of the statement. It's not about somebody It's not about a parolee who is still currently being detained During his parole This is a case the case for damages a civil action for damages and this is also a much different question looking at whether or not reasonable suspicion Existed at the time of that act challenged action. That is the violation report now His argument Smith's argument is that there was an appeal seems to be that there's no reasonable suspicion Because his the proposed sites they had submitted were proper under the administrative code Now first he never made that argument below so he forfeited it but also Now the section the administrative code section doesn't mandate the release of inmates just because they've submitted a proper host site It prohibits the department from releasing them until it's satisfied itself. That is until it's investigated and Confirmed and approved the house site forum that did not happen here And indeed because of mr. Smith's specific situation. He was not really he would did not actually be Transferred to the Department of Corrections to prison until the end of his term So he arrived at the under the department's jurisdiction on the date based on the date of his of his parole so and under as the Undisputed record showed it was the head of the sex offender unit when a sex offender arrives on the date of their parole They are there's never sufficient time in order to investigate and confirm that this didn't approve the sites and that's what happened here There was no approved site. The supervisor directed Anderson to issue the report because of that because there was no approved site And so the reasonable suspicion existed Contrary to his argument as Republic approvals not a mere formality We see that both in the record from the sex of the head of the sex offender unit that it was insufficient time to complete to Complete an investigation of the sites, but also is by the terms of once of the administrative code provision at issue that they Doesn't state the department must release an inmate to parole just because they submitted a host site It doesn't it also doesn't require them to release one someone to parole just unless that parole site somehow facially Reflects that they would violate some independent condition of Emma of parole It's it the department is required to satisfy itself that the inmate has suitable arrangements for proper residence Smith claims in his reply brief that this this provision would somehow give a blank check to for the department to Detain sorry to detain sex offenders, but he never asserted any sort of claim that the department's broad discretion violates Sorry to approve housing For serving or parole somehow violates the Fourth Amendment or any other constitutional provision and most in his brief He argues that it's somehow inconsistent with the prisoner review board's authority under Illinois law under the Code of Corrections Why we dispute that the that the most important fact is Regardless of not he's right that that that's a state law claim that's a state law question for the state law courts and wouldn't constitute a Federal action or a federal basis for federal damages under section 1983 That's what this court found in Brown v. Randall when it Addressed a similar case by another Illinois sex offender who also under the same provision Was detained during his parole by the because he didn't have approved housing in this case If they affirmed summary judgment and affirming summary judgment This court rejected a similar argument that the department's authority under that that provision one six one Oh point one one. Oh was somehow inconsistent with with the prisoner review board's authority and said no That is not that is not a question a federal question. That is not a federal claim and in addition wouldn't be could it would not be consistent with reasonable suspicion that somehow that a Parole agent is supposed to to Sorry predict in the future that a court might find That the provision and the provision in which they are applying them in order to detain someone will later be found invalid under state law Ultimately, it's Smith's cramped reading of this provision that would give sex offenders and other proleagues basically carte blanche To obtain release to parole and the residents of their choosing regardless of whether or not that site posed a risk either to them Successfully completing their parole or to the public safety So I see my time's almost up and I would ask just a court remind the court that Reasonable suspicion is an absolute defense to Smith's false arrest claim So regardless of any false statements here the undisputed record demonstrated that reasonable suspicion existed for Smith That sorry that Smith had not satisfied his conditions for release to parole under Illinois law when Anderson issued the challenge report Therefore for these reasons and the reasons set forth in our in Anderson's brief We request that the court affirmed the district courts judgment in his favor. Thank you Thank You, mr. Turner anything further mr. Palmer Yes, sir What is a proper host site must be based on what the conditions of the parole are This this case on June 9th when Mr. Anderson ruled that the whole site of mr. Smith's mother was not proper He based it on two conditions that were not part of the parole There can be no reasonable suspicion that when the parole conditions are in writing Supposedly investigated by mr. Anderson and not applied to the host site That he had reasonable suspicion to say that host site was not proper or not approved That's like saying The investigator closed out there and says I don't like the color blue your house is it's not proper Even though it's not in your parole conditions I'm gonna say you can't be approved and you have to stay in jail six months longer than what your parole or your release date the undisputed evidence Is that well? When mr. Anderson went to the house in June He didn't say it was not proper for electronic monitoring as he did earlier He said there were two other Conditions that were never referenced anywhere in the parole conditions for those reasons He could not have had reasonable suspicion Thank you Thank You mr. Palmer and we appreciate your willingness to accept the appointment in this case. We hope you'll convey our thanks to Mr. Mori when he gets back from vacation The case is taken under advisement and the court will be in recess